UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

VINCENT CIARDULLO,
Plaintiff,
v.
COUNTY OF SAN DIEGO, et al.,
Defendants.

Case No.: 3:24-cv-02091-BJC-AHG

**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES**

**[ECF No. 79]**

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 79. The parties seek a 45-day continuance of the October 8, 2026, settlement conference and the fact discovery deadline, as well as all other remaining case management deadlines. *Id*. at 3–4.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in

determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11-cv-492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

Here, the parties represent to the Court that, despite their diligent efforts, they are still awaiting medical and billing records from various outside providers. ECF No. 79 at 2. Specifically, Defendants submitted the requests months ago and have received billing records from the University of San Diego, but are still waiting responses from Tri-City Medical Center and Temecula Valley Hospital. *Id*. The parties explain that they are unable to fully evaluate Plaintiff's claims due to this delay. *Id*. The parties worked together to reach a solution, whereas Plaintiff will share his medical records while waiting for the outside providers' responses, so the case can move forward. *Id*. As such, the parties seek a 45-day continuance of the upcoming settlement conference and fact discovery deadline, as well as all other deadlines in the scheduling order. *Id*. at 3–4.

The Court appreciates that the parties have been working together, and finds good cause to **GRANT** the motion as follows:

1. An **<u>in-person</u>** Settlement Conference is **SET** for **<u>December 10, 2026</u>** at **<u>1:30 p.m.</u>** before the **Magistrate Judge Allison H. Goddard** on the fifth floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101.

a. The Court requires the personal, ***in-person*** attendance of all named parties,[1] party representatives with full[2] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

b. Plaintiff must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **<u>November 18, 2026</u>**. The defendants must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **<u>November 25, 2026</u>**.

d. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **<u>December 2, 2026</u>**. The Statement must be lodged in .pdf format via

---

[1] Upon due consideration, Stacy Thompson, Kelly Martinez, William Gore, Serina Rognlien-Hood, and Jon Montgomery are **EXCUSED** from the Settlement Conference.

[2] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

e. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **December 2, 2026**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f. No later than **December 2, 2026**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then email all participants detailed instructions regarding the location of the Court's conference rooms.

g. All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.

2. All fact discovery shall be completed by all parties by **January 7, 2027**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply**

**in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each party's position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at: https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

3. The parties shall designate their respective experts in writing by **February 5, 2027**. The parties must identify any person who may be used at trial to present evidence pursuant to Federal Rules of Evidence 702, 703 or 705. This requirement is not limited to retained experts. The date for designation of rebuttal experts shall be **March 11, 2027**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **February 5, 2027**. Any contradictory or rebuttal information shall be disclosed on or before **March 11, 2027**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a

duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

5. All expert discovery shall be completed by **April 15, 2027**. The parties shall comply with the same procedures set forth in Paragraph 2 concerning fact discovery.

6. All motions, other than motions *in limine* and *Daubert* motions shall be filed on or before **May 17, 2027**. Counsel for the moving party shall set the motion date 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Cheeks' chambers for a hearing date. The parties shall review Judge Cheeks' chambers rules for civil cases for the additional requirements for noticed motions before Judge Cheeks.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

7. A Mandatory Settlement Conference shall be conducted on **July 16, 2027** at **1:30 p.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*.

a. The Court requires the personal attendance of all named parties,[3] party representatives with full[4] settlement authority, including claims

---

[3] Upon due consideration, Stacy Thompson, Kelly Martinez, William Gore, Serina Rognlien-Hood, and Jon Montgomery are **EXCUSED** from the Mandatory Settlement Conference.

[4] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have

adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

b. Plaintiff must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **June 25, 2027**. The defendants must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **July 2, 2027**.

d. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **July 9, 2027**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

e. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than

---

"unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

**July 9, 2027**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f. No later than **July 9, 2027**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees, as well as a cell phone number for each party's preferred point of contact. Court staff will then send out the Zoom invitation to all attendees.

g. All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

h. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

8. All other dates and deadlines set forth in the Court's Scheduling Order (ECF No. 76) **remain unchanged**, except as explicitly modified in this Order. The Court repeats them below for the parties' convenience:

a. Counsel shall file their Memoranda of Contentions of Fact and Law and

take any other action required by Civil Local Rule 16.1f(2) by **August 19, 2027**.

b. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **August 19, 2027**. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

c. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **August 26, 2027**.

d. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **September 2, 2027**.

e. The proposed pretrial order shall be lodged with the district judge's chambers on or before **September 9, 2027**, and shall be in the form prescribed in Local Rule 16.1.f.6.

f. The final Pretrial Conference is scheduled on the calendar of the **Honorable Benjamin J. Cheeks** for Thursday, **September 16, 2027** at **10:30 a.m.** The Court will set a date for trial at the Pretrial Conference.

**IT IS SO ORDERED.**

Dated: September 26, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge