UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CIARDULLO,<br>Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br>Defendants. | Case No.: 3:24-cv-02091-BJC-AHG<br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE CERTAIN DATES**<br>**[ECF No. 81]** |

Before the Court is the parties' joint motion to continue certain dates. ECF No. 81. The parties seek a continuance of Plaintiff's discovery response deadline, to November 30, 2026, and the upcoming settlement conference, from December 10, 2026, to March 10, 2027. *Id.*

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end.").

Here, the parties agree that certain depositions and records would be helpful to effectively evaluate the case for settlement purposes. ECF No. 81 at 2. The parties represent to the Court that, despite their diligent efforts, they are still awaiting medical and billing records from various outside providers. *Id*. Further, Plaintiff has represented that he needs more time to respond to written discovery, which necessarily precedes his deposition. *Id*. at 1. As such, the parties seek an extension of Plaintiff's discovery response deadline and seek to continue the December 10, 2026, settlement conference.

The Court appreciates that the parties have been working together, and finds good cause to **GRANT IN PART**[1] the joint motion as follows:

1. Plaintiff may provide responses to pending interrogatories and requests for documents by **November 30, 2026**.

2. The **in-person** Settlement Conference scheduled for December 10, 2026, is **RESET** for **March 5, 2027** at **1:30 p.m.** before the **Magistrate Judge**

[1] The date requested for the continued settlement conference—March 10, 2027—is not available on the Court's calendar.

**Allison H. Goddard** on the fifth floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101.

a. The Court requires the personal, ***in-person*** attendance of all named parties,[2] party representatives with full[3] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

b. Plaintiff must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **February 11, 2027**. The defendants must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **February 18, 2027**.

d. Each party must prepare a Settlement Conference Statement, which will

---

[2] Upon due consideration, Stacy Thompson, Kelly Martinez, William Gore, Serina Rognlien-Hood, and Jon Montgomery are **EXCUSED** from the Settlement Conference.

[3] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

be served on opposing counsel and lodged with the Court no later than **February 25, 2027**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

e. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **February 25, 2027**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f. No later than **February 25, 2027**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then email all participants detailed instructions regarding the location of the Court's conference rooms.

g. All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.

2. All other dates and deadlines set forth in the Court's September 26, 2026, Order (ECF No. 80) **remain unchanged**.

**IT IS SO ORDERED.**

Dated: November 5, 2026

Honorable Allison H. Goddard
United States Magistrate Judge